**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MARK H. TRIBE,**

      **Plaintiff,**

vs.                                                                              **Civ. No. 01-474 MV/RLP**

**JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,**

      **Defendant.**

## UNITED STATES MAGISTRATE JUDGE'S
## ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.     Plaintiff, Mark H. Tribe ("Plaintiff" herein), applied for Supplement Security Income ("SSI" herein) effective June 22, 1998, alleging disability caused by knee pain, back pain, arthritis and a head injury. (Tr. 95-98, 102, 78). He also has an extensive history of alcohol and substance abuse, and documented psychological disorders. (See, e.g., Tr. 305-311, 297-298). His application was denied at the first and second levels of administrative review (Tr. 78-79) and by an Administrative Law Judge ("ALJ" herein) following a hearing. (Tr. 35-77, 13-29). The Appeals Council declined review on February 22, 2001. (Tr. 6-7). The matter now before the Court is Plaintiff's Motion to Reverse and Remand for an Award of Benefits, or in the Alternative, to Remand for Rehearing.

**I.**     **Standard of Review**

2.     This Court reviews the Commissioner's decision to determine whether the record contains substantial evidence to support the findings, and to determine whether the correct legal standards were

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

applied. **Castellano v. Secretary of Health & Human Services**, 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" **Soliz v. Chater**, 82 F.3d 373, 375 (10th Cir.1996) (quoting **Richardson v. Perales**, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). In reviewing the Commissioner's decision, I cannot weigh the evidence or substitute my discretion for that of the Commissioner, but I have the duty to carefully consider the entire record and make my determination on the record as a whole. **Dollar v. Bowen**, 821 F.2d 530, 532 (10th Cir.1987).

3. The Commissioner has established a five-step sequential evaluation process to determine if a claimant is disabled. **Reyes v. Bowen**, 845 F.2d 242, 243 (10th Cir.1988). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. **Sorenson v. Bowen**, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant at steps one through four; the Commissioner bears the burden of proof at step five. **Id.**

## II. The ALJ's Decision

4. The ALJ found that Plaintiff has a severe impairment or combination of impairments consisting of pain of the low back, knee, and both shoulders, dysthymia (mental depression), an anxiety disorder, a mood disorder, a personality disorder, and an alcohol addiction disorder, which did not meet or equal a listed impairment; that Plaintiff retained the residual functional capacity for a full range of light work that involved "moderate" limitations in dealing with the general public and other persons in the work place; that based on the testimony of a vocational expert, there were a significant number of jobs Plaintiff could perform if he stopped abusing alcohol and/or drugs, and that drug and alcohol use was a contributing factor to the finding of disability.

5. I find that the ALJ failed to apply correct legal principles, and that his decision is not

supported by substantial evidence.

**III.    Discussion**

6.       The ALJ relied on the testimony of a vocational expert at step five of the sequential evaluation process. The ALJ asked the VE to assume an individual with Plaintiff's vocational background[2], who was capable of performing the exertional requirements of light work with occasional postural limitations, limited reaching in all directions[3], and moderate limitation in: (1) the ability to work in coordination with or proximity to others without being distracted by them, (2) the ability to interact appropriately with the general pubic, (3) the ability to accept instructions and respond appropriately to criticism from supervisors; (4) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 69, 320-321). These mental or social limitations were based on a Mental Residual Functional Capacity Assessment prepared by J. LeRoy Gabaldon, PhD., a non-examining state agency psychologist. (Tr. 322). The VE identified two jobs Plaintiff had the physical and mental residual functional capacity of performing given these exertional and non-exertional limitations: Call Out Operator DOT 237.367-014 and Surveillance Monitor DOT 379.367-010. (Tr. 66-69, 19-21).

7.       The Commissioner appears to concede that despite the VE's testimony, Plaintiff does not have the "interpersonal skills" required for the job of Call Out Operator, DOT 237.367-014, which

---

[2] Plaintiff was born on April 13, 1946. (Tr.95). He is a high school graduate. (Tr. 40). He has worked as a plasterer, musician and manual laborer, but has no past relevant work experience. (Tr. 40, 66, 108).

[3] In his decision, the ALJ stated that the hypothetical question to the VE contained no postural or reaching limitations. (Tr. 19-20). Review of the administrative record discloses that such limitations were included in the hypothetical question, and were accepted by the VE in arriving at his opinions. (Tr. 66-67, 181-188).

3

requires significant speaking and signaling, and a temperament for dealing with people. (Defendant's Response to Plaintiff's Motion to Reverse/Remand, Docket No.9, p. 12). The speaking, signaling and temperament abilities for Call-out Operator and Surveillance System Monitor are identical. (Compare DOT 237.367-014 with DOT 379.367-010). The Commissioner, by implication, concedes that there are no jobs Plaintiff can perform, given the exertional and non-exertional limitations the ALJ found to exist. At a minimum, this is an appropriate area for more detailed vocational expert testimony and further analysis by the ALJ. **Cf. Haddock v. Apfel**, 196 F.3d 1084, 1089 (10th Cir.1999) (discussing vocational expert testimony in relation to DOT).

8. An additional issue is whether the ALJ applied correct legal principles in determining that Plaintiff's alcohol addiction was a contributing factor material to the determination of disability.

9. On March 29, 1996, Congress amended the provisions of Title II and Title XVI to provide that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addition would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled. Contract With America Advancement Act of 1996, Pub. L. 104-121, 105(a)(1),(b)(1), 110 Stat. 847. 852, 83 (codified as amended at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J) (1997)). The implementing regulations make clear that a finding of disability by the Commissioner is a condition precedent to an application of the amendatory language: "If [the Commissioner] find(s) you are disabled and ha(s) medical evidence of your drug addiction or alcoholism, [the Commissioner] must determine whether your drug addition or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§404.1535(a), 416.935(a). To make this determination, the Commissioner must decide whether the claimant would still be found disabled if he or she stopped using drugs or alcohol. 20 C.F.R.

4

§§1535(b)(1), 416.935 (b)(1). If so, then the drug addition or alcoholism is not a contributing factor material to the finding of disability. 20 C.F.R. §§404.1535(b)(2)(ii), 416.935(b)(2)(ii). If, however, the claimant's remaining impairments would not be disabling without the drug addiction or alcoholism, then the drug addiction or alcoholism is a contributing factor material to the finding of disability. 20 C.F.R. §§404.1535(b)(2)(I), 416.935(b)(2)(I).

10.     The ALJ stated in his decision that "the claimant's only real medical problem has been his drug and/or alcohol use." (Tr. 19). The ALJ's statement is not supported by substantial evidence[4] and is contradicted by the finding that Plaintiff has severe physical and mental impairments other than substance abuse. (Tr. 14, 20). Because the ALJ trivialized Plaintiff's non-substance related impairments, he did not properly evaluate the "key factor" at issue in claims involving alcohol abuse:

> Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §416,935(b)(1). Under this regulation, the ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling.

**Drapeau v. Massanari**, 255 F.3d 1211, 1214 (10th Cir. 2001).

---

[4] A finding that Plaintiff had no "real medical" problems is not supported by substantial evidence. Plaintiff's treating physicians have documented a shoulder separation in need of surgical repair (Tr. 226,170), varicose veins (Tr. 334, 136, 138), degenerative joint disease of shoulders and knees (141-147) and bunions (334, 136, 138, 141-147). A consulting physician confirmed the shoulder separation problem and documented muscle spasm and limited range of motion of the low back. (Tr. 176-177). Even assuming that the ALJ misspoke, using the term "medical" when he meant "mental," a finding that Plaintiff has no mental problem other than substance addition has no support in the record. Every clinician who has evaluated Plaintiff has diagnosed mental conditions *in addition to* substance abuse. Taos/Colfax Community Service intake evaluator - avoidant personality disorder (Tr. 307); Jafet Gonzalez, M.D. - depression NOS, mixed personality disorder (Tr. 297-299); Robert Krueger, PhD., - dysthymic disorder, r/o mood swing disorder, anxiety disorder, personality disorder; (Tr. 148-153); Michael Gzaskow, M.D. - dysthyic disorder, mood disorder NOS, personality disorder with schizoid traits. (Tr. 319). The state agency non-examine psychologist found Plaintiff to have a personality disorder and dysthymia in addition to polysubstance abuse in alleged remission. (Tr. 322, 327, 329).

11. On remand, the Commissioner must obtain clarification of the vocational evidence in terms of the interpersonal skills required for jobs identified as within Plaintiff's functional capacity. If the Plaintiff is found disabled following this clarification, the ALJ will address whether Plaintiff's alcohol abuse was a contributing factor to his other documented psychological disorders and physical impairments, by evaluating which of Plaintiff's current physical and mental limitations would remain if he stopped using alcohol, and whether those limitations would be disabling. **Drapeau**, 255 F.3d at 1214-1215. I do not dictate any result on remand. Remand "simply assures that the correct legal standards are invoked in reaching a decision based on the facts of this case." **Huston v. Bowen**, 838 F.2d 1125, 1132 (10th Cir. 1988).

**IV.     Recommended Disposition**

12. For the reasons stated above, I recommend that Plaintiff's Motion to Reverse Administrative Agency Decision be granted, and this case be remanded to the Commissioner for additional proceedings consistent with this recommended disposition.

**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**